Cuma, per Johnston, Ch.
There is little doubt that if by conspiracy between a debtor and one of his creditors, an advantage is secured to the debtor at the expense of the other creditors, the transaction may be impeached, although founded on a real debt. The legality and justice of the debt does not justify the employing it as an instrument of fraud — nor can it sanction the fraud when perpetrated. Whether, if the advantage is secured to the debtor, by his own act, unaided by the creditor to whom he conveys his property, or confesses a judgment, this court would not take care to distinguish between the guilty and innocent, by securing the latter, while it strips the former of his unlawful spoils, is a question of greater difficulty, and one which the circumstances of this case do not render it necessary for the court to determine.
The complaint of the plaintiffs here is, that they have been delayed and hindered in the enforcement of their demands, by the act of the defendants. If they have, the impediment, so far as the court can discover, consists merely in the priority of the judgment which the common debtor has confessed to the defendants, by way of preference. But this is not an unlawful or fraudulent hinderance. Every preference of one creditor over another, is a hinderance of the unpreferred creditor. But it has always been held that a preference among creditors is no fraud, although it does delay some of them; because the pre-existence of the debts fa-voured by the debtor, serves as a consideration to prevent the preference from being regarded as a voluntary act, and saves it from the stigma of mala fides. The motive is not to hinder any, but to pay some. Vaughan v. Evans, 1 Hill. Ch. 414; Niolan v. Douglas, 2 Ibid. 443.
In the case before us, the court does not perceive any thing to condemn. It does not perceive how the confession of the judgment to Mrs. Thomas, disabled the other creditors from bringing or maintaining suits for their debts, as freely as they could have done before it was taken; nor do they see that it was imparting ability to the debtor to abscond, or created, or increased, a motive on his part to do so. The real cause of complaint is, that the plaintiff’s debtor has withdrawn himself from the action of their pro *79 cess. There is no doubt that if one renders assistance to a removing debtor, with a view to enable him to defraud his creditor, this is fraud on the part of him who assists. So it was determined in Pickett v. Pickett, 2 Hill. Ch. 470; the principle of which decision is as old as Twine’s case, that he who aids another to commit a fraud, is himself guilty of one. But there should be evidence, not only of the aid, but of the motive. Here there is none. The only thing which Mrs. Thomas’ agent seems to have done, or neglected to do, to the prejudice of the plaintiffs, was, that after he had obtained a satisfactory arrangement of this debt, he did not detain the debtor for the benefit of the other creditors. But even if he knew of his purpose to abscond, he had no power, nor was he bound by duty to do so. Suppose a creditor pursues' a debtor, actually flying, arrests and obtains a conveyance of property left behind, or a judgment to make it liable, and being thus satisfied, releases him — shall these be vacated because he does not bring the debtor back and surrender him to the other creditors ? The bona fides of the debt being established by the decree, satisfactorily to this court, we are of opinion, that it was no fraud to take a confession for it, which appears to be all that the defendants did or intended to do.
Bailey, Dawson & Brewster, for complainants.
O. M. Smith & Hunt, for defendants.
The motion to dismiss the bill is granted. The costs of the sheriff, who is a stake holder, to be allowed out of the fund.
Johnson, Chancellor, concurred. Chancellor Dunkin gave no opinion, having been of counsel.